## Case No. 12,097.

ROWLAND v. EMPIRE STATE LIFE INS. CO.

[2 Cin. Law Bul. 56.]

Circuit Court, S. D. Ohio. 1877.

REMOVAL OF CAUSES — AGREEMENT NOT TO REMOVE.

An agreement of a foreign insurance company, filed with the state commissioner of Ohio, waiving the right to remove causes against it to the federal courts, is void, and does not authorize the state court to proceed with the case, after the proper steps for the removal of the cause have been taken by such company.

[This was an action on an insurance policy by Thomas Rowland against the Empire State Fire Insurance Company. Heard on demurrer.]

Mr. Matthews, for the demurrer.
Mr. Guthrie, contra.

SWING, District Judge. On the 15th of February, 1877, a rule was entered in this cause requiring the plaintiff to show cause why judgment should not be rendered against him, and in answer to this rule, the plaintiff, on March 9, 1877, filed in writing, and under oath, a showing of cause to which the defendant demurs generally. The answer to the rule discloses, in substance, the pending in the court of common pleas of Washington county, Ohio, of an action brought by the plaintiff against the defendant to recover the sum of $2,500 on a policy issued by the defendant, and that on the 22d of February, 1875, the defendant filed in that court its petition for the removal of the cause to this court, accompanied by a bond in due form and with sufficient surety. The petition is strictly conformable to the act of congress providing for the removal of causes from the state to the federal courts. [18 Stat. 470.] It is also shown that on the filing of this petition in that court Rowland interposed in

answer thereto that on April 20, 1872, the defendant, pursuant to the act of the general assembly of Ohio, passed April 10, 1872, filed in the office of the superintendent of insurance at Columbus a waiver of the right of removal in these words: "Know all men by these presents: That the Empire State Life Insurance Company, located at Watertown, in the state of New York, doth hereby agree to waive all right to transfer or remove any cause now or hereafter pending in any of the courts of the state of Ohio, wherein said company may be a party, to any of the courts of the United States." The defendant, without exception or reservation as to the jurisdiction of the state court, filed a demurrer to the answer setting up this waiver, and, the cause being submitted to the court on the demurrer, the same was overruled, and, the defendant failing to further answer in the state court, the cause proceeded to judgment for the plaintiff.

It is insisted that these facts take the case at bar out of the operation of the general rule established by the supreme court of the United States; that the pleading which sets up the waiver, filed at Columbus, is in the nature of a plea in confession and avoidance, admitting that without some other or additional fact the matters set out in the petition for removal are sufficient to require the state court to certify the cause into this court, but bringing into the record and before the court such additional fact; and that the insurance company, by filing its demurrer, submitted itself to the jurisdiction and judgment of the state court as to the sufficiency of this answer and the legal effect of the waiver. And it is argued that, having thus submitted itself to that jurisdiction, the proceedings of the state court, although they may be erroneous, are not void. I am of opinion that the position is not well taken. The supreme court of the United States has decided that statutes such as this under consideration are repugnant to the constitution, and a waiver or relinquishment of the right of removal, made in pursuance thereof, is void. On the filing of the petition for removal and the tender of the bond, the duty of the state court is unmistakably pointed out by the statute. "It shall thereupon be the duty of the state court to accept the surety, and to proceed no further in the cause against the petitioner." Now, to permit the filing of the answer to the petition for removal, and to hear and determine the question presented by the demurrer thereto, was to "proceed further in the cause." This action was against and contrary to the express inhibition of the statute. The argument would seem to imply that it was competent for the parties by some act of commission or omission to empower the court to "proceed in the cause," notwithstanding the imperative interdiction of the statute. Such cannot be the law. The act of congress is immediately and directly obligatory on the court of common pleas. Its operation and

effect in no wise depend on the power of the superior state or federal courts. The moment a proper petition is filed, and a bond tendered, the act of congress applies in its full force as positive and imperative law to the court of common pleas, and any action taken by that court in contravention of its provisions is illegal. The principal and most obvious of its effects is to oust that court of its jurisdictional power to proceed further in the cause. Hence, any action had in that court after the filing of the petition for removal and the tender of a bond is coram non judice, and void. The demurrer will be sustained, and the plaintiff ordered to proceed in this court.